UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY M. LILLARD, SR., ) | |
| ) | |
| Plaintiff, ) | No. 3 08 1073 |
| ) | (No. 3:08mc0195) |
| v. ) | Judge Echols |
| ) | |
| SHERIFF TRUMAN JONES, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The plaintiff is a prisoner in the Rutherford County Adult Detention Center (RCADC) in Murfreesboro, Tennessee. He brings this action against Truman Jones, Sheriff of Rutherford County, and Lt. Bill Cope, who was employed at RCADC at the time of the alleged events that gave rise to this action. The plaintiff seeks unspecified injunctive relief, alleging violations of his rights under the First and Eighth Amendments. The plaintiff is suing the defendants in their official capacities only.[1]

Owing to their brevity, the factual allegations in the complaint are quoted below in their entirety:

> This facility is in violation of my constitutional rights. First issue is about the unsanitary conditions of the jail. There is mold and rust on air vents and all over the shower doors in the showers, which is in clear view of the officers. The food we are served is cold and hard and does not meet nutritional standards. All of which violates the 8th Amendment[] of the Constitution.

---

[1] The plaintiff has checked the boxes corresponding to "official capacity" in the complaint. (Docket Entry No. 1, ¶¶ III.B 1-2, p. 4) He has left the boxes blank that correspond to "individual capacity." (Docket Entry No 1, ¶¶ III.B-1-2, p. 4)

> This facility also have [sic] not been complying with (Bounds) about access to the courts. I have been denied access to the courts for a year now. Lt. Bill Cope told me I have no right to law books or a law library. So I wrote a request asking for specific material and still did not get help. This resulted in me loosing [sic] a case that I could have won. I was convicted in violation of the law. I was denied access to the courts and lost a non frivolous claim because of it

(Docket Entry No. 1, ¶ IV, p. 5)(unnecessary/improper capitalization omitted).

## II. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* complaints liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

As previously noted, *supra* at p.1 and n.1, the plaintiff is suing the only two defendants in this action, Sheriff Jones and Lt. Cope, in their official capacities only. A lawsuit filed against a county official in his official capacity is deemed to be a suit against the county itself. *See Hafer v.*

2

*Melo,* 502 U.S. 21, 25-26 (1991); *Marchese v. Lucas,* 758 F.2d 181, 189 (6th Cir. 1985)(citing *Brandon v. Holt,* 469 U.S. 464 (1985)).

For the County of Rutherford to be liable under § 1983, the plaintiff must claim that the alleged violations of his constitutional rights stemmed from a county policy, regulation, decision, custom, or the tolerance of a custom of such violations. Otherwise, a § 1983 claim will not lie. *See City of Canton, Ohio v. Harris,* 489 U.S. 378, 385 (1989); *Monell v. New York City Department of Soc. Serv's,* 436 U.S. 658, 690-91 (1978); *Doe v. Claiborne County, Tenn.,* 103 F.3d 495, 507-09 (6th Cir. 1996). The plaintiff does not allege, nor can it be liberally construed from the pleadings, that any such county policy, regulation, decision, custom, or tolerance of a custom of such violations was responsible for the alleged violations of his constitutional rights. The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts where none exist. *See Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1990). Accordingly, the County of Rutherford has no liability under § 1983.

## III. CONCLUSION

As reasoned above, the plaintiff's complaint will be dismissed for failure to state a claim on which relief may be granted.

An appropriate Order will be entered.

Robert L. Echols
United States District Judge

3